

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

DMP:CRH/NJM/GMR                                      *271 Cadman Plaza East*
F. #2018R00578                                       *Brooklyn, New York 11201*

April 17, 2024

*Request granted*
*So Ordered*

s/ Cheryl Pollak
USMJ
4/22/24

By Email and ECF

The Honorable Diane Gujarati
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:   United States v. Nazem Ahmad, et al.
           Criminal Docket No. 23-139 (DG)

Dear Judge Gujarati:

      The government writes to respectfully request that the Court order that the indictment in this matter be sealed[1] and a redacted indictment, which removes the names of two uncharged corporate entities, be filed in its place. See Proposed Order and Exhibits 1 & 2.

      By way of background, on or about March 29, 2023, Nazem Ahmad and eight other individual defendants were charged for allegedly "engag[ing] in a longstanding scheme to defraud the United States and foreign governments, to evade U.S. sanctions and customs laws and to conduct money laundering transactions." See Indict. ¶ 21 (ECF No. 1). Nazem Ahmad is alleged to have "used numerous corporate entities and individuals…to carry out this criminal scheme, including to disguise AHMAD's control and beneficial interest in the companies and in financial transactions." Id. ¶ 22. In particular, after Nazem Ahmad was sanctioned in 2019 by the U.S. Department of Treasury's Office of Foreign Assets Control ("OFAC") for operating as a financier for Hizballah, a designated foreign terrorist organization, Ahmad relied upon "multiple individuals and corporate entities to act as pass-throughs" to obscure his involvement and "facilitate the acquisition of valuable goods from the United States and conduct other transactions" in violation of U.S. law and regulations. Id. Because a central element of the alleged criminal conduct was that the defendants used corporate entities as tools of the fraud, specifically to hide Nazem Ahmad's involvement in transactions, the government identified several of the businesses used as instrumentalities of the crime. See id. ¶ 30(a)-(f). Several of those same entities were subsequently sanctioned by OFAC for their involvement in assisting

---

[1] As well as a subsequently-filed color copy of the same indictment. See ECF No. 13-1.

Ahmad's evasion of terrorism-related sanctions.[2]  On or about April 18, 2023, the indictment in this matter was unsealed.

The government believes that there has been, and continues to be, a substantial interest in naming the corporate entities that were used as instrumentalities of this sophisticated criminal scheme.  However, out of an abundance of caution, the government has determined that the two business entities that were not sanctioned by OFAC and are not charged in this indictment should have their names redacted from the public-facing indictment.  The government therefore respectfully requests that the Court order the re-sealing of the indictment, and its color copy (ECF Nos. 1 and 13-1), and unseal a redacted indictment (and corresponding color copy).  The redacted versions of these documents replace the names of the two relevant entities with the pseudonyms "Redacted Company-1" and "Redacted Company-2".  A proposed order, and the redacted versions of the indictment and color copy, are attached for the Court's consideration.

Respectfully submitted,

BREON PEACE
United States Attorney

By:    _/s/ Craig R. Heeren_____
Craig R. Heeren
Nicholas J. Moscow
Gilbert M. Rein
Assistant U.S. Attorneys
(718) 254-7000

Enclosures

---

[2] See OFAC Press Release, "Treasury Disrupts International Money Laundering and Sanctions Evasion Network Supporting Hizballah Financier," Apr. 18, 2023, available at https://home.treasury.gov/news/press-releases/jy1422 (last visited Apr. 12, 2024).